**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20695
Summary Calendar
_____


BONITA OUTLAND,

                              Plaintiff-Appellant,

VERSUS

WILLIAM J. HENDERSON,
Postmaster General,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-590)
_____

May 4, 1999

Before SMITH, WIENER, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Plaintiff Bonita Outland, proceeding *pro se*, appeals a summary judgment in favor of defendant the Postmaster General ("Postal Service"). Outland, a postal worker, alleged that the Postal Service had (1) discriminated against her because of her race and sex and (2) retaliated against her because of prior grievances and complaints she had filed with the Equal Employment Opportunity Commission ("EEOC"). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Outland began work for the Postal Service in 1981 as a distribution clerk. Between 1984 and 1994, she was disciplined eleven times§§including several suspensions and three notices of removal§§for performance problems. In 1994, she was transferred to the Special Delivery Unit.

In April 1995, Outland refused two direct orders to take box mail to the box section; she eventually left the workplace with the box mail undelivered. The Postal Service initiated disciplinary proceedings. The Postal Service discovered that Outland's file reflected a thirty-one-day suspension within the previous two years. Because this constituted a "live" suspension, the Postal Service issued a notice of termination, pursuant to provisions in the collective bargaining agreement.

Outland, through her union, appealed, whereupon an arbitrator found that she had been terminated for "just cause" but lessened the severity of the punishment in view of her years of service and directed that she be returned to her job but without back-pay.

## II.

Outland sued in February 1997, alleging violations of her constitutional rights under § 1983 and § 1988, race and sex discrimination, and retaliation. The Postal Service moved for partial dismissal. Because Outland had amended her complaint and deleted many of her constitutional and discrimination claims (except for one arising out of the April 1995, incident), the

district court addressed only the claims for punitive damages, false imprisonment, assault and battery, and continuing violation of 42 U.S.C. § 2000e-16.

The court dismissed the punitive damages claims because the Postal Service, as a federal entity, cannot be held liable therefor. It dismissed the tort claims under FED. R. CIV. P. 12(b)(6) because the federal government is immune from the types of tort liability alleged. Finally, it dismissed the continuing violation claim for failing to meet the legal standards explained in *Berry v. Board of Supervisors*, 715 F.2d 971, 979 (5th Cir. 1983). The court then granted the Postal Service's motion for summary judgment on the remaining claims, arising out of the April 1995, incident.[1]

### III.

Outland appeals[2] the (1) dismissal of her continuing violation claim; (2) denial of her motions to compel discovery; and (3) the finding that she had raised no genuine issue of material fact to survive summary judgment on her remaining discrimination claims.

We review a summary judgment *de novo*, employing the same

---

[1] The parties refer to this incident as EEO Complaint No. 4-G-770-1550-95.

[2] The Postal Service invites us to dismiss this appeal because Outland has failed to comply with FED. R. APP. P. 28. While we agree that Outland's brief is confusing, often incoherent, and fails to comply with rules requiring a party to state the issues presented, we are reluctant to dismiss a *pro se* appellant. Moreover, we have the discretion to consider a non-compliant brief. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because we do not think Outland's noncompliance prejudices the Postal Service, we will exercise this discretion to allow her appeal to go forward. *See Price v. Digital Equip. Corp*, 846 F.2d 1026, 1028 (5th Cir. 1988) (permitting *pro se* plaintiff to proceed with a title VII claim because no prejudice to appellee from appellant's deficient brief).

3

standards as did the district court.  *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir.), *cert. denied*, 119 S. Ct. 509 (1998).  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also* FED. R. CIV. P. 56(c).  An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 258.  We review a dismissal pursuant to FED. R. CIV. P. 12(b)(6) *de novo*,[3] but we review a denial of a motion to compel discovery for abuse of discretion.[4]

A.

Outland argues that the court erred in dismissing her theory that discrimination occurred as a continuing violation rather than as a series of discrete acts.  As discrete acts, most of her claims are barred by the ninety-day limitations period of 42 U.S.C. § 2000e-16(c).  We examine three factors when determining whether

---

[3] *See McDonnell v. Estelle*, 666 F.2d 246 (5th Cir. 1982).

[4] *See Landry v. Air Line Pilots Ass'n Int'l*, 892 F.2d 1238, 1270 & n.114 (5th Cir. 1990).

there is a continuing violation. First, we look for a similarity in the types of discriminatory acts. Second, we view the frequency of the alleged discriminatory acts. Third, we analyze whether the act has the degree of permanence that "should trigger an employee's awareness of and duty to assert his or her rights." *Berry*, 715 F.2d at 981.

The district court properly applied *Berry* in deciding whether Outland presented a valid continuing violation. The court correctly found that the alleged acts are so varied that there is "no common thread." Additionally, Outland admits that most of her complaints stem directly from violations of work rules. The district court correctly held that these allegations do not establish a pattern of discriminatory or retaliatory conduct.

Finally, and most importantly, Outland's numerous EEOC filings show she was definitely aware of her rights and legal remedies. Therefore, she had a duty to assert her claims within the ninety-day statutory period. All of these factors weigh against Outland and persuade us that the district court correctly dismissed her continuing violation claim.

B.

Outland alleges that the court abused its discretion by denying her motion to compel discovery and, specifically, her motion to compel all "complaints, grievances, EEO actions, and resolution of each complaint, if any, filed against" certain supervisors. The defendants objected to providing information

about D.R. Beasley and James Richardson, because neither had served in any supervisory authority over Outland. The district court agreed.

As the Postal Service points out, the district court enjoys broad discretion in controlling discovery, especially in determining whether it is burdensome or oppressive.[5] Outland has not explained why information Beasley's and Richardson's records as supervisors would be relevant to her case.[6]

## C.

Outland further challenges the finding that she has failed to make a *prima facie* case of racial or sex discrimination. She reiterates her argument that (1) she did not disobey a direct order from her supervisor during the April 1995 incident, and (2) she suffered treatment harsher than treatment of her male, non-black co-workers.

To make a *prima facie* claim, Outland must prove that she (1) is a member of a protected class; (2) is qualified and performing her job adequately; (3) was subjected to an adverse employment action; and (4) received less favorable treatment in similar situations than did those outside her protected class. *See Meinecke v. H&R Block*, 66 F.3d 77, 83 (5th Cir. 1995). The Postal

---

[5] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (affirming denial of protective discovery order under abuse-of-discretion standard).

[6] The Postal Service notes that it did provide almost 7000 pages of documentation in response to Outland's discovery requests.

Service concedes the first and third elements.

As the district court held, however, Outland did not raise a genuine issue of material fact as to why her refusal to obey a direct order meets the second *prima facie* element of adequate job performance. Her only support comes from a self-described civil service expert, whose unreliable affidavit was properly excluded under FED. R. EVID. 702 and because Outland did not properly designate her expert within the time allowed by the docket control order. Therefore, Outland has not shown adequate job performance and has therefore failed to make out a *prima facie* case on the second element.

We also agree with the district court that Outland has failed to raise a genuine issue of material fact about how she was treated differently from similarly situated co-workers not in her protected group. The summary judgment evidence on this question, consisting entirely of the affidavit of Outland's white, male co-worker Royce Galbreath, fails to show that she was treated differently.

As the district court pointed out, while Galbreath describes a disagreement between Outland's supervisor and two male, non-black employees, there is no indication that these employees were similarly situated. According to Galbreath's affidavit, neither of them had directly disobeyed their supervisor's order, and there is no indication that they had previous disciplinary records. Therefore, as the court found, Outland has failed to support the fourth element. We therefore affirm the dismissal of the race and sex discrimination claims and do not reach the affirmative defenses

7

of a legitimate, non-discriminatory reason for Outland's termination.

D.

Outland challenges the finding that she did not present a *prima facie* case of discriminatory retaliation. The district court held that she failed to raise a genuine issue of material fact on why her grievances filed with the EEOC caused the alleged retaliatory actions. Without such a causal link, Outland cannot make out a *prima facie* case. *See Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

Almost all of Outland's EEOC complaints were filed after the April 1995 incident and cannot be evidence of a causal connection of her termination. The EEOC complaint closest in proximity to that incident, and occurring before the incident, was not in close proximity to the alleged retaliatory action. Outland filed an EEOC complaint in February 1994, more than a year before her April termination. The court correctly held that this EEOC grievance is not close enough temporally to allow Outland to make a *prima facie* case.[7]

AFFIRMED.

---

[7] *See Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.), *cert. denied*, 118 S. Ct. 366 (1997) (holding that close timing between a protected activity and an adverse action is required to make a *prima facie* case of retaliation).